# CHARLESTON.

THOS. F. MULVEY *v.* MARGARET McGRAIL *et al.,*
*Executrix, etc.*

(No. 6443)

Submitted November 5, 1929. Decided November 12, 1929..

*K. C. Moore* and *John F. Throckmorton,* for appellant.
*Ambler, McCluer & Ambler* and *Robert B. McDougle,* for appellees.

HATCHER, JUDGE:

In this cause the plaintiff charges that a deed for a lot in the city of Parkersburg purporting to have been made by him to his mother, Bridget Mulvey, is a forgery. The deed is dated December 24, 1891, and was acknowledged on the same day before Thomas P. Butcher, a justice of Wood county. The consideration named is $1.00 and love and affection. Mrs. Mulvey died in 1915, devising the lot to a daughter, Bridget Mulvey. The daughter died in 1927, devising it to her sister, the defendant, Margaret McGrail. The defendants uphold the deed and charge plaintiff with laches. The circuit court found that the deed was valid.

The plaintiff testified that he purchased this lot in June of 1891 for $600.00; that he left Wood county in October of that year, with the understanding that his father would build a house on the lot; that he and the other children contributed to the building of the house; that for a number of years following he sent money to the family; that after leaving in October of 1891, he did not return until 1918, when he stopped off the train at Parkersburg for a few hours; that he was there again for brief visits in 1919 and in 1925; that he returned in 1927, when for the first time he heard of the deed to his mother; that he did not sign or acknowledge the deed, or recognize the signature thereto, or know the justice who certified the acknowledgment. On cross-examination he was asked with reference to the lot, ''And when you got it, you put it in your mother's name in order that there might be a home for the family, did you not?'' To which he replied, ''Yes, sir.'' His counsel recognized that this answer was most damaging to his cause, and on redirect examination, after calling his attention to it, asked: ''What was put in your mother's name?'' To which he answered: ''The property— the lot—my mother was named—that is only as the head of the family,'' (a confirmation of his former statement). He then reiterated that he made no deed to his mother. This utter inconsistency is not explained.

Plaintiff's sister, Elizabeth, supports his evidence closely, and eighteen expert witnesses are more or less strongly of opinion that the signature to the deed is not genuine. One neighbor, Miss Speece, had heard plaintiff's mother say at different times that ''Tommy bought the lot''. (Tommy is the plaintiff.) Another neighbor, Mrs. McFarland, was present at a family convocation on the lot sometime in 1891 and heard some of the girls say that Tommy had bought them a lot. She says that this gathering was after a rain, because she remembers there was rain on the grass, and concludes that the grass must have been green and that it was not in the winter time. The witness did not see the plaintiff again until after his mother's death. The defendant, Mrs. McGrail, stated that ''from all the papers'' she knew that the plaintiff left Park-

ersburg in 1891 (month not fixed) and did not return until 1918.

Eight expert witnesses are of opinion that the signature to the deed in question is genuine. Justice Butcher is now deceased. His signature to the certificate of acknowledgment on the deed and his high character are established without controversy. The deed was recorded December 31, 1891. On that day was also recorded a trust deed from Thomas P. Mulvey and Bridget, his wife, (the parents of plaintiff) conveying the lot in trust to secure a loan of $200.00 from the Homestead Building Association. The trust deed recites that the lot is the same "conveyed the said Bridget Mulvey by Thos. F. Mulvey (the plaintiff) by deed bearing date December 24, 1891, and intended to be recorded at same time as this." It is true that in later trust deeds executed by plaintiff's parents on the lot, the grantor of Mrs. Mulvey is referred to as "Thomas I. Mulvey", "Thos. Mulvey" and finally as "Thomas P. Mulvey", but these later references are clearly typographical errors.

The testimony of Miss Speece and Mrs. McFarland, respectively, relative to Tommy buying the lot and that he bought it for the family, does not strengthen plaintiff's cause as those matters are not controverted. We cannot agree with plaintiff's contention that Mrs. McFarland and Mrs. McGrail afford support to his statement that he left Wood county in October of 1891, because their testimony on that point is by way of deduction and not of recollection. Elizabeth Mulvey says with reference to the lot, "I need a home and my brother does and we need that and we are going to have it—thats all." The force of her testimony is weakened by this admission. Despite plaintiff's repudiation of the questioned deed and his support by Elizabeth and by the greater number of expert witnesses, we cannot say that the finding of the circuit court is *plainly wrong,* when we take into consideration such substantial evidence supporting it as (1) plaintiff's admission that the lot was put in the name of his mother; (2) the certificate of the justice that Thomas F. Mulvey acknowledged the deed; (3) the recital in the trust deed of December 31, 1891, by his parents, that Thomas F. Mulvey had granted

the lot to Bridget Mulvey by the deed in question; and (4) the indifference of plaintiff to the lot for thirty-six years. See *Walton v. Pritt,* 93 W. Va. 375; *Wood v. Johnson,* 102 W. Va. 484. In order to reverse the lower court, we would have to believe that the parents of plaintiff were criminals and Justice Butcher either a crook or the dupe of the parents. The evidence does not warrant such conclusion. We are rather of opinion that the many events occurring since 1891 have crowded from the memory of plaintiff the actual execution of the deed. A discussion of laches is therefore unnecessary, and the judgment of the circuit court is affirmed.

*Affirmed.*