W. E. CASTO and R. A. SHINN, *Citizens and Taxpayers of the Town of Ripley, a Municipal Corporation, who sue, etc. v. TOWN OF RIPLEY, a Municipal Corporation, et al.*

(CC 500)

Submitted February 27, 1934. Decided March 6, 1934.

*Robert L. Hogg* and *Somerville & Somerville,* for plaintiffs.
*Burton Crow,* for defendants.

LITZ, JUDGE:

W. E. Casto and R. A. Shinn, residents and taxpayers of Ripley, a municipal corporation, who sue on behalf of themselves and all other residents and taxpayers therein, seek to enjoin the corporation and the common council thereof from improving and extending its present water works by the issuance and sale of bonds to be retired from the revenue thereof, pursuant to chapter 26, Acts (First Extraordinary Session), 1933. The trial court sustained a demurrer to the bill, and, upon joint application of the parties, certified his ruling to this court under Code 1931, 58-5-2.

On October 3, 1933, the council adopted an ordinance, authorizing the issuance and sale of revenue bonds in the sum of $26,500.00, for the purpose of extending, equipping, and improving the existing municipal water system (constructed

from public funds), and thereafter published the same as required by the statute.

The scheme is challenged upon two general grounds: (1) that the statute is unconstitutional, and (2) that the ordinance does not conform to the requirements of the act. It is charged that the statute infringes section 7, Article VII of the constitution, forbidding legislation at an extraordinary session not contemplated by the executive proclamation convening the legislature, and that it authorizes the creation of a public debt, without a vote of the people, in violation of section 8, Article X of the constitution. These questions were decided against the contention of plaintiffs in *Brewer* v. *City of Point Pleasant*, 114 W. Va. 572, 172 S. E. 717, decided at this term, involving a similar statute, enacted at the same session and authorizing the issuance and sale of bonds by municipalities for acquiring, constructing, improving, operating and maintaining sewage systems. Bonds issued by a government agency to finance a public utility and payable solely out of the revenues therefrom, do not create a debt within the meaning of a constitutional inhibition against the creation of public debt. *Bates* v. *Commission*, 109 W. Va. 186, 190, 153 S. E. 305; Cooley on Taxation (4th Ed.), sec. 29; 12 C. J. sec. 414; *City of Bowling Green* v. *Kirby*, 220 Ky. 839, 295 S. W. 1004; *Searle* v. *City of Haxtum*, 84 Colo. 494, 271 P. 629; *Ward* v. *City of Chicago*, 342 Ill. 167, 173 N. E. 810; *Twitchell* v. *City of Seattle*, 106 Wash. 32, 179 Pac. 127; *Sowell* v. *Griffith*, (Tex.) 294 S. W. 521; *Barnes* v. *Lehi City*, 74 Utah 321, 279 Pac. 878; *Jones* v. *City of Corbin*, 227 Ky. 674, 13 S. W. (2d) 1013; *McCutcheon* v. *City of Siloam Springs*, 185 Ark. 846, 49 S. W. (2d) 1037; *Williams* v. *Village of Kenyon*, (Minn.) 244 N. W. 558.

The statute requires that the ordinance proposing the issue and sale of bonds "shall provide, find and declare in addition to the other requirements set out in this act, the value of the then existing system and the value of the property proposed to be constructed, and the revenues derived from the entire system when the contemplated betterments and improvements are completed, shall be divided according to such values and so much of the revenue as is in proportion to the value of such betterments and improvements as against the value of the

previous existing plant as so determined, shall be set aside and used solely and only for the purpose of paying the revenue bonds issued for such betterments, together with costs of the operation and the depreciation thereof, and such revenue shall be deemed to be income derived exclusively from such betterments and improvements.''

It is further asserted that the retirement of the proposed bonds in the manner thus provided will create an illegal burden upon the existing water system, constituting a public debt in violation of the constitution. This argument is without basis. The method of financing prescribed by the act, known as the ''restricted special fund'' theory, has been upheld by an almost unbroken line of authorities. The legislature has recently adopted the ''broad special fund'' theory of subjecting the revenues from the entire system to the payment of bonds issued for the improvement and extension of an existing water plant. The validity of such legislation is now recognized in almost all jurisdictions. *City of Bowling Green* v. *Kirby*, cited; *Searle* v. *City of Haxtum*, cited; *Lang* v. *City of Cavelier*, 59 N. D. 75, 228 N. W. 819; *Ward* v. *City of Chicago*, cited; *City of Jerseyville, Ill.* v. *Connett*, C. C. A. 7th, 49 Fed. (2d) 246; *Department of Water &c. of the City of Los Angeles* v. *James P. Broman*, (Cal.) 22 Pac. (2d) 698. In the light of the foregoing authorities, supported by legal principles, the validity of the statute is unquestionable.

One point of attack on the ordinance is that it did not, as published, provide, find and declare, in accordance with the statute, the value of the existing water system or the value of the property proposed to be constructed; nor the amount set apart from revenues to be derived from the improved plant to pay interest on the bonds and provide a sinking fund for their retirement at maturity. These defects have been supplied by a subsequent ordinance which constitutes a part of the contract between the town and the prospective bond holders. As no protest has been made to the council against the proceeding, we do not think its validity has been affected by the omission in the original ordinance. Moreover, the current requirements of the bonds were ascertainable from the ordinance as published.

The ordinance declares that the bonds are secured by a

statutory mortgage lien upon the water works. It is contended that the statute creates a lien upon the municipal water system only in a case in which it has either been purchased or constructed as an entirety, and not where, as in this case, the bonds are issued for the purpose of improving or extending an existing plant. The statute clearly creates a lien in the former case, but does not, in our opinion, do so in the latter. The declaration in the ordinance that the bonds are secured by a statutory mortgage lien is, therefore, mere surplusage without legal effect.

Finding no irregularity in the proceeding assailed, affecting the validity of the proposed bonds, we affirm the ruling of the circuit court.

*Affirmed.*