# CHARLESTON.

## Henning *et al. v.* Farnsworth *et al.*

Submitted September 17, 1895—Decided December 11, 1895.

ABATEMENT AND REVIVAL—JOINT CONTRACT—DEATH OF PARTIES.

> If one of two or more defendants in an action at law upon a joint contract die before verdict, the suit abates as to the dead one, and can not be revived and proceed against his representative and the survivor.

Ewing, Melvin & Ewing and A. M. Poundstone for plaintiffs in error, cited 1 Bart. Law Prac. (2nd Ed.) 252; 1 Lom. Ex. (2nd Ed.) 531, 532; English, Interp. Stat. § 107; 1 Min. Insts. (3rd Ed.) 43, 44; Sedgewick, Stat. & Const. Law (1st. Ed.) §§ 120, 191, 192.

John Brannon and C. C. Higginbotham for defendants in error, cited 1 Chit. Pl. 464; 4 Minor Inst. 794-95; 1 Bart. Law Prac. 145; 1 Am. & Eng. Enc. Law, 13; Tidd, Prac. 1168; Code, 1819, vol. 1, pp. 497, 498; Code, 1849, c. 173, s. 3; Code, 1860, c. 173, ss. 2, 4; Code, 1868, c. 127, ss. 2, 4; Code, 1891, c. 127, ss. 2, 4; 10 Leigh, 206; 3 W. Va. 148, 14 W. Va. 736; Code Va. 1883, § 3306; Code, 1891, c. 104, s. 19; 14 W. Va. 737.

Brannon, Judge :

George Henning and John C. Henning brought an action of *assumpsit* in the Circuit Court of Upshur county, against Daniel D. T. Farnsworth and Phillip Thomas, to recover money had and received by the defendants for use of plaintiffs; and, Farnsworth dying, the action was revived against his personal representatives, and later, upon their motion, the order of revival was set aside and the cause abated as to Farnsworth, and the plaintiffs sued out this writ of error.

Upon a joint contract you can not, at law, in one action, sue a living person and the personal representative of a

dead person, because the judgment will be payable *de bonis propriis* as to the living defendant, and *de bonis testatoris* as to the personal representatives of the deceased contractor, and there can not be two such judgments in one action. And so, for same reason, if suit has been brought properly against two living parties, and one dies, the suit abates as to the dead one—must abate—but goes on against the survivor. It is the inability to render these two different judgments in one action that controls whether the suit be before or after the death of one.

Mr. Hogg, in his valuable recent work on Pleading and Forms (section 12)—valuable, especially in this state, because emanating from a West Virginia author—speaking of charging the representative of a dead joint contractor says: "But at law he must be sued in a separate action, for he can not be sued jointly with the survivors, because the judgment against one is *de bonis testatoris* and the other is *de bonis propriis;* and if death occur after suit brought upon the joint contract, and before verdict, the suit abates as to the party so dying, and the action proceeds against the surviving defendant, and the plaintiff is put to a new action against the personal representative of the deceased party." In these words spoke Judge Lee in *Richardson's Ex'x* v. *Jones*, 12 Gratt. 53. 1 Bart. Law Prac. 145, definitely states such to be the common-law rule, though it was changed in Virginia in 1875, but not here. It required an act to change the old rule. Such was the common-law. What statute has changed it? It can not be section 2, chapter 127, Code, as that was designed to prevent the total abatement of the suit in case of such death.

At common-law, when a sole plaintiff or defendant died, the action abated, if before verdict; and the plaintiff, if the defendant died, or the plaintiff's representative, if it was the plaintiff that died, must bring a new suit. So in case where there were two or more plaintiffs or defendants. Archb. Prac. C. P. p. 1203; 2 Tidd, Prac. 1170. To remedy this St. 8 & 9 Wm. III. was passed, saying that if one of two or more plaintiffs or defendants die, and the cause of action survive to or against the survivor, the action shall not abate, but go on for or against the surviving

party. This statute was enacted here, and is found in section 2, chapter 173, Code Va. 1849, and section 2, chapter 127, Code, W. Va. This act was not designed to say what liabilities would or would not follow the estate of the dead party, as it has no relation to the rule that a personal action dies with the person; nor was its design to say when a joint contract would or would not still survive to the survivor, or still bind the dead party's estate. Other statutes did these things. This statute says that in no case where the right or liability survives shall a pending action abate, but that it shall go on against or for the survivor; but it does not say it shall go on against the dead party's representative. It is not section 4, chapter 127, of the Code that works this result. That only grants the writ of *scire facias* as a process to revive, and specifies the parties for and against whom it may go when it lies, but does not say in what cases it does lie. The second clause of section 2 repeals the common-law rule that actions for tort die with the person, and gives a right of revival to or against a sole plaintiff or defendant of actions for tort, just as in contracts.

We affirm the judgment.

---

# CHARLESTON.

Submitted September 17, 1895—Decided Dec. 11, 1895.