## CHARLESTON.

MEANS v. BARNES et al.

Submitted September 11, 1912.   Decided May 13, 1913.

ABATEMENT AND REVIVAL—*Death of Joint Defendant.*

The common law rule abating, an action on the death of one of two or more joint defendants is not so altered by section 2 of chapter 127 of the Code as to authorize revival of the action against the personal representative of the deceased joint defendant. Said section merely prevents total abatement and enables the plaintiff to keep the action alive against the surviving defendants.

(ROBINSON, JUDGE, absent).

Error to Circuit Court, Taylor County.

Action by Nathan H. Means against Joseph Barnes and others. Judgment for plaintiff, and defendant G. H. A. Kunst, administrator, brings error.

*Reversed and Remanded.*

*John L. Hechmer,* for plaintiff in error.

*Warder & Robinson,* for defendant in error.

POFFENBARGER, PRESIDENT:

The plaintiff in error is the administrator of Adolphus Armstrong, deceased, whom the defendant in error sued jointly with one Joseph Barnes for the recovery of a debt. Pending the action, Armstrong died and there was an attempt to revive the action against his administrator, and an abatement of the action as to Barnes. An order of revival was entered on the motion of the plaintiff before a writ of *scire facias* was sued out. This, of course, availed nothing. Afterwards a further order was entered, reciting the alleged revival, and abating the action as to Barnes. After the *scire facias* had been served and returned there was another order of revival against the administrator, followed by a verdict and judgment.

At common law, a total abatement of the action was occasioned by the death of one of two or more joint defendants. This result is avoided by a statute, Code, ch. 127, sec. 2, saying the ac-

tion may proceed against the others, if the cause of suit survives against them. In *Henning* v. *Farnsworth,* 41 W. Va. 548, the statute was relied upon as authorizing and requiring the suit to proceed against the surviving defendants and the personal representative of the deceased party. Declaring this position untenable, the court proceeded to interpret the statute fully. In so far as it says revival against the personal representative of the deceased party is not authorized, the opinion is only persuasive authority, since that proposition was not involved in the case. Its reasoning, however, is clear and sound in principle. By the common law, the death of one of two or more joint defendants occasioned a total and absolute abatement of the suit, and nothing further could be done in it against any of the parties. The statute in terms giving only partial relief from this common law rule, enables the plaintiff to keep the action alive against the surviving defendants. Beyond this its terms do not reach, and the court is powerless to add anything to them. This is the true interpretation of section 2 of chapter 127 of the Code, and section 4 of that chapter does not undertake to say in what cases there may be a revival. It deals only with the mode and manner of revival, as Judge BRANNON has well said. The text of Bartons Law Practice, Vol. I, p. 252, sec. 79 (2 ed.), is applicable to the Virginia statute, which is entirely different from ours, expressly providing for revival of the action against the personal representative of the deceased party and prosecution thereof as a separate action against him, as though the deceased had been the sole defendant.

The second clause of section 2 of the statute relates to sole, not joint, parties. Death of joint parties is dealt with by the first clause. The New Jersey statute, interpreted in *Fisher* v. *Allen,* 36 N. J. L. 203, in all substantial respects like ours, was analyzed and applied in conformity with the rules and principles here declared. Power to revive against the personal representative of the deceased joint defendant was denied. Discontinuance of the action was declared as the legal result of the abatement as to the surviving defendant. In the statute, two sections were devoted to the subject matter of our single one, and the court said the first related to joint parties and the other to sole parties. Further authority for the conclusion here announced will be found in 4 Min. Inst. 974; 5 Ency. Pl. & Pr.

836; *New Haven &c. Co.* v. *Hayden,* 119 Mass. 361; *Gale* v. *Agee,* 4 Port. (Ala.) 507.

As the death of Armstrong terminated the action against him and his estate beyond power of revival, the judgment will have to be reversed, the verdict set aside and the action dismissed as to the administrator of Armstrong's estate.

*Reversed and Remanded.*