# CHARLESTON.

### VINA WOOD v. S. E. JOHNSON

### (No. 5688)

Submitted October 26, 1926. Decided November 9, 1926.

1. BILLS AND NOTES—PLEADING—*Pleading Charging Facts Constituting Fraud is Sufficient Without Averring Conclusions of Law; in Suit on Notes, Answer Held to Sufficiently Allege Fraud.*

   A pleading which charges in apt words the acts, facts and intent constituting fraud is sufficient under our practice. Conclusions of law need not be averred. (p. 485).

2. SAME—*In Action on Notes, Evidence of Fraud Held to Support Finding for Defendant.*

   On conflicting testimony the lower court found for the defendant. There is ample evidence to support that finding. We cannot say from a review of the record that the decree is plainly erroneous. It will therefore be affirmed. (p. 488).

Appeal from Circuit Court, Wyoming County.

Suit by Vina Wood against S. E. Johnson, on notes. From a decree for defendant, plaintiff appeals.

*Affirmed.*

*C. O. Dunn,* for appellant.
*Toler & Shannon,* for appellee.

HATCHER, JUDGE:

On Feb. 17, 1917, Bailey Mills and wife granted to Joseph Woods and Vina, his wife, thirty acres· of land in Wyoming county. On Dec. 30, 1920, John Moran conveyed to Joseph and Vina his right, title and interest in a tract in said county, fully described by metes and bounds, but with no acreage given.

Joseph acquired creditors who impleaded him with the result that his undivided interest in the above lands was sold and conveyed by a commissioner to W. M. Rutherford, by deed dated June 21, 1923. In the commissioner's deed, the Moran tract is referred to as containing twenty acres.

On Aug. 25, 1923, Vina and Joseph conveyed to S. E. Johnson "all their right, title and interest" in the Mills and Moran tracts. The deed recited a cash consideration of $250.00, and reserved a vendor's lien for a further consideration of $650.00, represented by two notes of $325.00 each.

This suit was brought in the circuit court of Wyoming county by Vina Woods against S. E. Johnson to enforce the collection of the two notes.

The defendant's answer alleged misrepresentation and fraud, and prayed for a cancellation of the notes.

Evidence was taken, and upon the hearing, the court was of the opinion that the plaintiff was not entitled to the relief prayed for, cancelled the two notes, and dismissed the cause.

Plaintiff seeks relief from the decree below on the grounds that (1) fraud was insufficiently pleaded in the defendant's answer, (2) the evidence does not sustain the charge of fraud, and (3) the damage to defendant was not shown to equal the amount of the notes.

(1)

The criticism of the answer is that (a) it contains no averment that the alleged misrepresentation was made under such circumstances that the defendant *had a right to rely upon it*, (b) it does not aver that any damage was suffered by defendant as a consequence of the alleged fraud,

and (c) its statement of the alleged fraudulent acts is indefinite and uncertain.

(a and b) The answer does not contain the averments above referred to. In support of his contention that these allegations are vital, counsel relies mainly upon 12 R. C. L. 419-422. On the necessity of an averment of the right to rely, R. C. L. cites *Jenkins* v. *Long* (Ind.) 81 Am. Dec. 374, and *Hooker* v. *Steel Co.* (Ill.) 106 A. S. R. 176. Neither of these two cases supports the text, although such an averment seems necessary under the Indiana statute. Par. 169, p. 422, 12 R. C. L. states: "A pleading must show that the complaining party suffered some damage as the result of the alleged fraud." It does not seem to require, however, a specific averment that the pleader is damaged by the fraud. That one has been defrauded, that one had the right to rely upon misrepresentation, and that one has been damaged, are mere conclusions on the part of the pleader. This court has consistently admonished litigants against the pleading of mere conclusions, and has emphasized the necessity of a complete statement of the facts constituting the fraud or misrepresentation. In the early case of *Loomis* v. *Jackson*, 6 W. Va. 613, the following rule was stated: "In pleading a fraud, the pleader must by apt words allege in his pleading every act, fact and intent which necessarily enter into, and constitute that particular fraud." In *Hale* v. *Land Co.* 11 W. Va. 229, it was held: "Mere conclusions will not avail." In *Pusey* v. *Gardner*, 21 W. Va. 469, Judge SNYDER said in regard to pleading: "If the facts are stated, the law determines the conclusion." *Pyles* v. *Furniture Co.*, 30 W. Va. 123, and *Zell Guana Co.* v. *Heatherly*, 38 W. Va. 49, reiterate the necessity of alleging facts in such case. In the recent case of *Lumber Co.* v. *Rose*, 87 W. Va. 484, this court is still insisting that "Fraud is a conclusion of law, and the facts relied upon to show it must be stated." The position so consistently maintained by our court in this matter is in line with the best authorities generally. Dean Hogg is regarded as a very meticulous pleader, and yet the form of a plea for the cancellation of an instrument on the

ground of fraud in his Equity Procedure, does not contain the averments counsel insists are necessary. "Fraud is a conclusion of law. * * * In imputing fraud against a man, the term itself need not be used. It is sufficient if the facts stated amount to a case of fraud." Kerr on Fraud and Mistake, 366. "As in other cases it is not sufficient to plead mere conclusions of law, but the facts constituting the fraud must be pleaded." 10 Stan. Ency. Pro. 53. Accord: 27 C. J., "Fraud", par. 147.

Consequently, we cannot hold that the answer was insufficient under our practice, because of lack of the averments specified.

(c) The defendant's case as alleged in her answer is: "on the 25th day of August, 1923, the said J. S. Wood and Vina Wood, his wife * * * approached this defendant and proposed a sale to her of the tract of land, representing to her that they were the absolute owners, in fee, of a fifteen acres tract of land, and on which the residence was situate; that it was unencumbered, and that they had exclusive title to same; and that they made fraudulent representations to this defendant for the purpose of selling her said fifteen acres of land and said residence * * * and went upon the ground and pointed out to this defendant a purported boundary line and stated that they were the absolute owners, in fee, of the land so pointed out by them and on which the residence was situate, and that this defendant, relying upon said promises and representations that they were the exclusive owners of said land, did, on last mentioned date, purchase from them and take their deed for said tract of land * * * Soon thereafter this defendant moved upon said tract of land, it having a comfortable dwelling situate thereon as well as outbuildings, and took possession thereof, and a short time thereafter the said W. M. Rutherford sent this defendant a statement for rent due him on his part of said land, and defendant avers that the first knowledge or information she had that the said J. S. Wood and Vina Wood were not the owners of the entire tract of land with the residence thereon, was when she received the statement for

rent from the said Rutherford, and upon failure to pay said rent, as claimed by Rutherford, he took judgment against this defendant in the court of E. E. Cook, a Justice of the Peace of said county, for $90.00, that being the amount of rent which he claimed for his part of said land, being an undivided one-half interest in said tract of land.''

The above allegations are sufficiently certain and definite.

(2)

The testimony of Joseph Woods shows that he was under the impression that the sale and conveyance to Rutherford by the commissioner was void, and he virtually admits representing to L. L. Johnson, husband of the defendant, who conducted the negotiations for the purchase of the land, that Rutherford had no interest in the land. The plaintiff admits pointing out a boundary line to defendant, but claims that she told defendant that if the land were ever divided, the line would run where she indicated. Her powers of divination are not explained. The plaintiff may not have intended to mislead the defendant, but her testimony shows that she was under the impression, at the time of the sale to defendant that Rutherford's interest did not include the house. Referring to Rutherford, she said: ''I knew that he claimed an interest in it, but Judge Howard, he told me that they set aside the decree and made him a one-half interest in 1917, and if they did do that there was no house on the ground at that time, in 1917, there was no house on it when we moved there.'' At another place she affirms: ''That is what Judge Howard told, when he come out of the room, I said, 'Alright,' what I am contending for is the house.'' Since plaintiff had this impression, what is more probable than that she imparted it to defendant? The plaintiff denied all the charges of misrepresentation, and testified that she told L. L. Johnson that she was selling only her undivided one-half interest in the place. The evidence is conflicting, but the testimony of the defendant and her witnesses, when considered in connection with the admissions of the plaintiff and her husband, amply supports her answer and the finding of the lower court. If there is any

one ruling of this court which should be established by reason of repeated statement and application, it is, that the holding of the lower court on the testimony will not be disturbed when the testimony is conflicting and we cannot plainly see that the lower court erred.

(3)

The defendant thought she was purchasing the house and fifteen acres. The evidence is not clear as to whether the undivided one-half interest she really acquired embraces thirty or fifty acres. But the house is by far the greatest element of value of the land, whether it be thirty or fifty acres. The interest in an increased acreage does not compensate her for failure of title to the half interest in the house. We cannot say from the evidence that the lower court erred in holding that the damage to defendant warranted the cancellation of the notes.

The decree complained of is accordingly

*Affirmed.*