A. R. WARDEN *v.* THE CITY OF GRAFTON *et al.*

(No. 8044)

Submitted September 25, 1934. Decided October 16, 1934.

*Wyckoff & Wyckoff,* for appellant.

*G. W. Ford* and *Homer A. Holt,* Attorney General, for appellees.

WOODS, PRESIDENT:

This is a suit by a resident and taxpayer of the city of Grafton, who sues on behalf of himself and all others similarly situate, praying that chapters 68 and 160 of the first and second extraordinary sessions, respectively, of the 1933 Legislature, and ordinances Nos. 108 and 109, of the said city, be held void and of no effect, and that the city and its officers be restrained and inhibited from issuing and selling bonds authorized thereunder and from borrowing money from any federal agency for purpose of constructing a municipally owned hospital, not upon a strictly self-liquidating basis, and from creating a public debt of the city of Grafton, until, by proper procedure, all questions in connection therewith may be submitted to a vote of the people within the said city. The chancellor sustained a demurrer to the bill, and the plaintiff appeals.

Pursuant to the provisions of the statutes and ordinances hereinbefore mentioned the city of Grafton proposes to issue bonds in the amount of $84,000.00, the proceeds of which are to be used for the construction and equipment of a municipal hospital. The city is authorized by chapter 68, aforesaid, to borrow funds from the proper federal agency for the purpose of constructing, equipping, maintaining and operating a. municipally owned hospital upon a self-liquidating basis; to acquire from the proceeds thereof property for hospital purposes; to give a lien on the real estate so acquired and the buildings to be erected thereon to secure said loan; and to do any and all things required by the lending agency to carry out the purpose of the act. And by the later enactment (chapter 160) the city is authorized to set aside from its general revenues "other than taxes levied directly on real estate and personal property, a sum not to exceed five thousand dollars annually, to be used for and in the repayment of any sum or sums of money borrowed" by it from the said federal lending agency for hospital purposes, as provided for under chapter 68 as aforesaid. Chapter 160 further provides that the authority therein contained should be continued until the money borrowed should be repaid; and that the city shall have authority to pledge said sum set aside for the purpose of further securing said loan or loans and the repayment thereof.

The city council, in pursuance of authority of chapter 160 aforesaid, passed ordinance 109, whereby it pledged, in addition to net revenues to be derived from said hospital, the sum of $5,000 annually from the general revenues, other than taxes levied directly on real estate and personal property, until said loan is paid. And the forms of the bond set out therein provide among other things, that, "The city of Grafton, * * * for value received, hereby promises to pay to the bearer, on the first day of July, 19......., both as to principal and interest," etc.

Does the pledge aforesaid create a public debt in violation of section 8, article X of the Constitution? That section provides as follows:

"No county, city, school district, or municipal corporation, except in cases where such corporations have already authorized their bonds to be issued, shall hereafter be allowed to become indebted, in any manner, or for any purpose, to an amount, including existing indebtedness, in the aggregate, exceeding five per centum on the value of the taxable property therein to be ascertained by the last assessment for state and county taxes, previous to the incurring of such indebtedness; nor without, at the same time, providing for the collection of a direct annual tax, sufficient to pay, annually, the interest on such debt, and the principal thereof, within, and not exceeding thirty-four years; Provided, That no debt shall be contracted under this section, unless all questions connected with the same, shall have been first submitted to a vote of the people, and have received three-fifths of all the votes cast for and against the same."

This Court has held that a purely self-liquidating project, as considered in the cases of *Brewer* v. *City of Point Pleasant,* 114 W. Va. 572, 172 S. E. 717, and *Casto* v. *Town of Ripley,* 114 W. Va. 668, 173 S. E. 886, does not involve a debt within the meaning of the aforesaid inhibition.

The city would have us either extend the "broad special fund" theory, adopted in the latter case, so as to include all revenues, other than taxes levied directly on real estate and personal property, collected by the municipality, or hold the net revenue derived from water furnished consumers, from cemeteries, garbage license fees, etc., to be outside the purview of section 8, and therefore subject to legislative authorization as to disbursement. In support of its contention it points to the fact that section 8, *supra,* deals with "taxable property" and a "direct annual tax" thereon, and that the right to, or necessity for, a vote is only mandatory when dealing with the designated kinds of property and the designated kind of tax.

As we read section 8 every "county, city, school district or municipality" is limited in its right and power

to become indebted to five per centum of the assessed value of the real and personal property within its territory. And it can incur no indebtedness unless it lays a direct levy to provide for the retirement of the debt and the interest on it. Since the project in the instant case is not to be paid for out of a direct levy, the proposed indebtedness against the city is invalid. It is manifest that the project is not a self-liquidating one under our decisions, because the revenue to be placed into the sinking fund and to provide the interest includes the return from municipally owned properties totally disassociated with the hospital as well as revenues to be derived from licenses, etc., none of which are derived from the proposed project itself. Pledging of the general revenues of the city or any part thereof on the city's promise to pay clearly constitutes a debt. *Shonk Land Co.* v. *Joachim,* 96 W. Va. 708, 123 S. E. 444. The form of the bond itself makes the city the debtor. Inasmuch as the act makes this an indebtedness and inasmuch as there is no direct levy provided for its payment, it clearly falls within the inhibition of the constitutional provision, *supra.*

The first act (chapter 68) when liberally construed, would be sufficient in itself to authorize the borrowing of money for the construction of a hospital on a self-liquidating basis. And the second act (chapter 160) in so far as it purports to authorize expenditures of general funds, either present or future, as they may become available, is within legislative power. However, when construed as authorizing the city by councilmanic action alone to provide for a present pledge of future general revenues, as sought by the city here, the same is in violation of section 8 aforesaid.

*Reversed and remanded.*