CARROLL HARDWOOD LUMBER COMPANY

*v.*

D. H. STEPHENSON, *Admr., etc.*

(CC 730)

Submitted September 15, 1948. Decided November 23, 1948.

LOVINS, JUDGE, dissenting.

*Campbell, McClintic & James, J. H. McClintic* and *Lee M. Kenna,* for plaintiff.

*Kay, Casto & Amos* and *Dale G. Casto,* for defendant.

RILEY, PRESIDENT:

This certificate involves the sufficiency of a special replication to a plea of the statute of limitations in an action of assumpsit, the Circuit Court of Kanawha County having sustained a demurrer to the replication.

By the declaration, filed at July Rules, 1942, which embodies the common counts and a special count on a writing obligatory, the plaintiff seeks recovery in the sum of ten thousand dollars against D. H. Stephenson, as administrator of the estate of Forsythe Stephenson, deceased. In connection with the common counts it is alleged that plaintiff had, about September, 1927, instituted an action in assumpsit, and filed its declaration therein at October Rules, 1927, on the same cause of action against Kentucky River Hardwood Company, Samuel Stephenson and Forsythe Stephenson; that Forsythe Stephenson died in 1928; that D. H. Stephenson was shortly thereafter appointed and qualified as administrator for said decedent; that on the 28th day of July, 1932, a *scire facias* had been issued suggesting the death of Forsythe Stephenson, and substituting the personal representative as one of the defendants; that a plea was interposed in 1939 by decedent's personal

representative charging that upon the death of Forsythe Stephenson in 1928, the action had abated as to him, leaving plaintiff to press its claim against the remaining two defendants in the original action, and, if so advised, against the personal representative in an independent action; and further that the attempted revival by *scire facias* was abortive; that the circuit court on June 24, 1942, overruled a demurrer to the personal representative's plea and dismissed the personal representative from the original action. The special count in the declaration sets up that by a written instrument, bearing date July 17, 1917, the three original defendants had acknowledged themselves to be firmly bound in a sum certain; that there is still due plaintiff from the estate of Forsythe Stephenson by force of said obligation the sum of ten thousand dollars, and recites the other facts set out in the first count.

Upon craving oyer of the summons in the present action, it appears that it was issued on June 24, 1942, the date of the dismissal order referred to in the declaration.

A plea of the statute of limitations, filed September 28, 1942, was interposed on behalf of the estate of Forsythe Stephenson as a bar to the instant action; and thereupon plaintiff filed its replication, the sufficiency of which is the matter in issue on this certification. This special replication, after reciting facts concerning (1) the *scire facias* (1932) purporting to revive; (2) the dismissal by the court on June 24, 1942, as to the personal representative on the ground that the same was not properly revived against the estate; and (3) plaintiff's right under Code, 55-2-18, to institute within one year of such dismissal the present action, alleges that the statute of limitations has been tolled, and the right to maintain the present action thereby has been saved to it.

To solve the questions raised on the certificate we must determine under our decisions and statutes whether the first action of assumpsit, the declaration having been filed in 1927, together with the *scire facias* issued therein in 1932, suggesting the death of Forsythe Stephenson and

substituting the personal representative as one of the defendants, constituted an "action pending", which, in conjunction with Code, 55-2-18, was sufficient, after an involuntary dismissal in 1942, to toll the statute of limitations, and permit the institution, within the year, of a new action against the personal representative. If the *scire facias* did constitute an "action pending" the present action against the personal representative was brought in time, otherwise not.

In approaching the problem stated in the last preceding paragraph we are met at the outset with the matter of abatement. On this the parties differ materially. The plaintiff has proceeded on the theory that there could be no abatement until death had been suggested and an order of court entered. Defendant on the other hand insists that the action abated as of the date of Forsythe Stephenson's death, and failure of plaintiff to institute a separate suit against the personal representative within one year following the death, all subsequent proceedings were void, citing *Means* v. *Barnes,* 72 W. Va. 512, 78 S. E. 665, and *Henning* v. *Farnsworth,* 41 W. Va. 548, 23 S. E. 663.

Prior to January 1, 1931, the date our Revised Code (1931) took effect, a plaintiff, within one year after the abatement of a suit as to one of several defendants by reason of death, could proceed against the personal representative of decedent by separate action. *Richardson's Ex'rs.* v. *Jones,* 12 Gratt. 52, 58; *Henning* v. *Farnsworth, supra*; *Means* v. *Barnes, supra.* However, in *King* v. *Burdette,* 28 W. Va. 601, in the absence of a suggestion of death, it was held that the original action might proceed to judgment against all. In the *King* case the Court held the judgment good, except as to the deceased man, and as to him merely voidable, not void. This Court there recognized the general principle of law that an action does not abate *ipso facto* by the death of a party; that there must be a suggestion to effect an abatement; and, if the death is put in issue, it must be properly proved and declared by order. This rule is generally recognized. 1 C. J. pp. 172, 173.

The death of Forsythe Stephenson was not suggested or established on the record until July 27, 1932. At that time the plaintiff, acting under Code, 55-8-8 (a new provision inserted by the Revisers), suggested the death of Forsythe Stephenson, and asked that the claim as to the latter be revived in the name of the personal representative, and further that a *scire facias* reviving the action do issue. The writ was issued the same day, returnable at August, 1932, Rules.

The statute relating to "Joinder in Same Action of Survivors and Personal Representatives of Decedents" (Code, 55-8-8), under which plaintiff proceeded, provides in part:

> "In every action or motion in which a decedent, if living, could be joined as defendant with another or others under section seven of this article, his personal representative may be joined with him or them, or with the personal representative of any one or more of them. * * * But nothing in this section shall prevent a plaintiff, at his election, from proceeding separately against the representative of any decedent."

The foregoing statute does not affect the right of plaintiff to proceed by timely action against the personal reprepresentative. It does, however, permit the joinder of a personal representative with surviving defendants in the original action. When a new statute deals with procedure only, *prima facie,* it applies to all actions—those which have accrued or are pending and future actions. *Tacket* v. *Ott,* 108 W. Va. 402, 151 S. E. 310. See also *Bankhead* v. *Baughman,* 115 W. Va. 438, 176 S. E. 854; and *Pickens* v. *Knisley,* 29 W. Va. 1, 11 S. E. 932. This statute being procedural was applicable to the original action. Plaintiff had the right, therefore, to substitute the personal representative for the decedent at the time of the issuance of the *scire facias.*

By order of June 24, 1942, the circuit court dismissed the first action in so far as "Forsythe Stephenson and/or the Estate of Forsythe Stephenson and/or D. H. Stephenson, Administrator of Estate of Forsythe Stephenson" were

concerned. Assuming that the court was right in its ruling that the *scire facias* was void, yet it was sufficient to keep the first action alive under the holding of this Court in point 2, syllabus, *Ketterman* v. *Dry Fork Railroad Co.,* 48 W. Va. 606, 37 S. E. 683. And in *McClung* v. *Tieche, etc.,* 126 W. Va. 575, 578, 29 S. E. 2d 250, 252, the *Ketterman* case is cited as authority for the proposition that: "An action purportedly commenced by the issuance of a void summons which is subsequently dismissed for that reason is an involuntary dismissal and the right of action is preserved."

We are of opinion that the *scire facias,* whether proper or not, kept the first action alive until the dismissal of June 24, 1942. The present action was instituted against the personal representative within the year following said dismissal, under Code, 55-2-18, thereby tolling the statute of limitations. Where the dismissal, as here is due to an erroneous ruling of a trial court, the cause of action is saved for one year after the dismissal under the provision of the foregoing statute. This statute was "designed to remedy the harsh effect of the statute of limitations and to save a cause of action which is otherwise barred." *McClung* v. *Tieche, supra,* 577.

We are of opinion that the special replication sets up a good defense to the plea of the statute of limitations, and that the demurrer should have been overruled.

*Ruling reversed.*

LOVINS, JUDGE, dissenting:

The decision of the Court in this case approves delay in litigation and upholds negligence in the prosecution of a suit or action. The demand of the plaintiff is stale, having been asserted by the commencement of an action more than twenty years ago. Nevertheless, the Court, by invoking what I consider to be doubtful and uncertain principles of law, holds that the plaintiff has the benefit of Code, 55-2-18.

The principle, that litigation should be ended within a reasonable time after the cause of action accrues, is virtually ageless and has been rigidly adhered to by applying statutes of limitations to actions and the doctrine of laches to suits. I think the opinion in the case at bar violates and disregards the many decisions of this Court with respect to refusing to enforce stale demands.

Prior to the enactment of the Code of 1931, if a party to an action died pending the action there could be no revival against his personal representative. *Henning* v. *Farnsworth,* 41 W. Va. 548, 23 S. E. 663; *Woodford* v. *McDaniels,* 73 W. Va. 736, 81 S. E. 544; *Means* v. *Barnes,* 72 W. Va. 512, 78 S. E. 665. See *Bank* v. *Trust Co.,* 114 W. Va. 791, 174 S. E. 556; *Richardson's Ex'r et al.* v. *Jones,* 12 Gratt. 53, 58. The reason given for such holdings is that a judgment against the personal representative would be *"de bonis testatoris"* and judgment against the surviving defendants would be *"de bonis propriis",* thus requiring separate judgments in one action.

After the death of Forsythe Stephenson, Code, 55-8-8, was enacted, permitting the joinder of a survivor in an action with the personal representative of a decedent. This raises the question whether Code, 55-8-8, is applicable to the action here considered, which was instituted in the year 1927. The opinion of the Court disposes of that question by holding that Code, 55-8-8, is procedural and applied to the action pending at the time it became effective. I think this holding is contrary to the rule formerly obtaining in this jurisdiction.

In *Harrison* v. *Harman,* 76 W. Va. 412, 418, 85 S. E. 646, this Court, in discusing such question, uses the following language: "A statute is always presumed to have been intended to operate prospectively only, unless a contrary intention appears on its face in some way. 'A cardinal rule in interpreting statutes is to construe them as prospective in operation in every instance, except where the intent that they shall act retrospectively is expressed in clear and unambiguous terms, or such intent is necessarily im-

plied from the language of the statute, which would be inoperative otherwise than retrospectively.'" See *Rogers v. Lynch,* 44 W. Va. 94, 29 S. E. 507; *Casto v. Greer,* 44 W. Va. 332, 30 S. E. 100; *Walker v. Burgess,* 44 W. Va. 399, 30 S. E. 99; *Burns v. Hayes,* 44 W. Va. 503, 30 S. E. 101.

Indeed that rule has been recently restated in the following language: "'There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrorespective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute.'" *Lester v. Comp. Comm.,* 123 W. Va. 516, 520, 16 S. E. 2d 920. See *Canterberry v. Canterberry,* 118 W. Va. 182, 185, 189 S. E. 697; *Jenkins v. Heaberlin,* 107 W. Va. 287, 289, 148 S. E. 117; *Trust Co. v. Hall,* 106 W. Va. 687, 690, 146 S. E. 825.

Code, 63-1, the purpose of which is to repeal all general statutes theretofore existing, contains the following provision in Section 2: "Such repeal shall not affect * * * *any right established, accrued, or accruing,* before the day this Code takes effect, or *any prosecution, suit, or proceeding pending on that day, except that the proceedings thereafter shall conform,* so far as practicable, to the provisions of this Code; * * *." (Emphasis supplied.) In view of the holdings of this Court and the clear provisions of Code, 63-1-2, it is difficult to say, as a matter of logic, that Code, 55-8-8, operated retrospectively and effected a proceeding pending prior to its effective date.

In my opinion Code, 55-8-8, gives to a litigant the right to prosecute a suit or action against a deceased litigant. As stated above, prior to the effective date of the Code this could not be done. It is not a mere incident of procedure, as this Court held in *Bankhead v. Baughman,* 115 W. Va. 483, 486, 176 S. E. 854, but in some instances is a substantial right on which depends whether a plaintiff could collect his debt. In my view the Court's holding

herein is entirely contrary to the great weight of authority in this and other jurisdictions and violates well established and generally accepted canons of statutory construction.

Cases are cited in the Court's opinion herein for the proposition that the death of a party to an action does not of itself abate the action. An examination of those cases discloses that where a party dies pending an action and without suggestion of his death, and the litigation proceeds to final judgment or decree, the judgment or decree is voidable but not void. See *Watt* v. *Brookover*, 35 W. Va. 323, 324, *et seq.*, 13 S. E. 1007; *McMillan* v. *Hickman*, 35 W. Va. 705, 14 S. E. 227; *Boal* v. *Wood*, 70 W. Va. 383, 387, 73 S. E. 978; *King* v. *Burdett*, 28 W. Va. 601. I do not controvert the holding of the cases just cited but I do say that the holding of those cases is not authority for Point 1 of the Syllabus in the Court's opinion. Of course, if a trial court proceeds to judgment against a deceased person or one civilly dead, it would be error to be corrected by appellate process. But it is an entirely different proposition to say that the action is not abated by the death of a party. I am therefore of the opinion that the first point of the syllabus is without supporting authority.

The opinion in this case treats a *scire facias* in the same manner as a summons commencing an action. A *scire facias* is an entirely different process from such a summons and when such *scire facias* is used for the purpose of revival of an action on account of a change of parties, it constitutes a mere continuation of the original action. Black's Law Dictionary, Third Edition, page 1586. In the instant case the Court, citing *Ketterman* v. *Dry Fork Railroad Co.*, 48 W. Va. 606, 608, 37 S. E. 683, holds that although the *scire facias* issued in this case may have been void, it was sufficient to keep the first action alive. I think that such holding ignores the basic difference between a *scire facias* and a summons. The *Ketterman* case, and others not necessary to cite, are authority for the proposition that a void summons commencing an action is sufficient to keep a cause of action alive, but nowhere has authority been cited to the effect that the issuance of a void

*scire facias* performs that function. The issuance of a summons indicates that the plaintiff intends to press his action, but a *scire facias,* as here considered, was a mere process for the change of parties and was nothing more than an attempt to continue the first action which, at the time the *scire facias* was issued, was barred because approximately four years had elapsed since the death of Forsythe Stephenson.

I agree that if there was a pending action, Code, 55-2-18, permitting the bringing of another action within one year, controlled. But as above shown, there was no action pending within one year of the time the present action was instituted. Therefore, I would affirm the ruling of the trial court.

For the reasons above stated I respectfully dissent.