PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GLORIA DEAN; EUNICE ALDRIDGE;
RICHARD F. ALDRIDGE; DOROTHY
COOK; DWIGHT COOK; CAROLYN SUE
DELANEY; DEBRA DOVE; JAMES DOVE;
CAROLYN DURST; JO ANN KILLMON;
CHARLES KILLMON; SHARENA
MONTAIGNE; DOUG MONTAIGNE;
DEBORAH REDMAN; CAROLYN
RIDENOUR; IRVIN RIDENOUR; MELISSA
ROBIN; PHYLLIS STEWART; CHARLES
STEWART; ROSE WOLF; CAROLYN
TALGHADER,
       *Plaintiffs-Appellants,*

       v.

PILGRIM'S PRIDE CORPORATION;
GILMER INDUSTRIES, INCORPORATED,
       *Defendants-Appellees.*

No. 04-1054

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert E. Maxwell, Senior District Judge.
(CA-03-36-2)

Argued: October 28, 2004

Decided: January 26, 2005

Before WIDENER and GREGORY, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Affirmed by published opinion. Judge Gregory wrote the opinion, in
which Judge Widener and Senior Judge Hamilton joined.

**COUNSEL**

**ARGUED:** Michael Gene Hoehn, Falls Church, Virginia, for Appellants. Daniel Leroy Fitch, WHARTON, ALDHIZER & WEAVER, Harrisonburg, Virginia, for Appellees. **ON BRIEF:** Thomas E. Ullrich, WHARTON, ALDHIZER & WEAVER, Harrisonburg, Virginia, for Appellee Pilgrim's Pride Corporation; James H. Revere, III, KALBAUGH, PFUND & MESSERSMITH, Richmond, Virginia, for Appellee Gilmer Industries, Inc.

**OPINION**

GREGORY, Circuit Judge:

This case finds its origins in a personal injury suit brought in federal district court in the Western District of Virginia by individuals working at Pilgrim's Pride Corporation ("Pilgrims Pride"), owner of a poultry processing plant located in Moorefield, West Virginia. Approximately one year after plaintiffs filed suit, the federal district court in the Western District of Virginia granted a voluntary dismissal under Fed. R. Civ. P. 41(a). Almost a year thereafter, plaintiffs refiled their case in state court in West Virginia, relying on W. Va. Code § 55-2-18 ("West Virginia's savings statute"). Subsequently, defendants removed the case to federal district court for the Northern District of West Virginia and filed a motion to dismiss arguing that plaintiffs' claims were time-barred. The district court granted defendants' motion to dismiss, finding that the West Virginia savings statute was inapplicable to the facts of the case, therefore plaintiffs' case was barred by the statute of limitations. We affirm the district court.

I.

On October 27, 1999, five plaintiffs filed a complaint in the United States District Court for the Western District of Virginia against Pilgrim's Pride, WLR, Inc., Wampler Foods, Inc.,[1] and Gilmer Indus-

---

[1]Pilgrim's Pride is the successor to WLR, Inc. and Wampler Foods, Inc.

tries, Inc. ("Virginia suit"). Plaintiffs asserted that they were exposed to toxic gases at the West Virginia poultry plant. Subsequently, plaintiffs amended their complaint and added fifteen additional plaintiffs, bringing the number of plaintiffs to twenty. Over the objections of defendants, plaintiffs requested a voluntary dismissal under Fed. R. Civ. P. 41(a) ("Rule 41(a)"). Plaintiffs asserted in support of their request for a voluntary dismissal that:

> (1) there were too many potential plaintiffs who have come forward, but are on a waiting list for, and [have not yet undergone] a medical examination to determine whether they should actually be added to [the] case as named plaintiffs, and (2) plaintiffs' counsel is in need of and seeking competent co-counsel, but co-counsel is hesitant to join [the] federal lawsuit.

J.A. 31.

The magistrate judge recommended plaintiffs' motion to dismiss be granted and that plaintiffs be required to refile their action in federal court. Both parties filed objections to the magistrate judge's report and recommendation. Plaintiffs' objections were centered on the requirement that they refile their claims in federal court. Specifically, plaintiffs argued:

> [t]he first reason for why the Plaintiffs must be able to refile in state court is the statute of limitations. By the calculations of Plaintiffs' counsel, the statute of limitations for a number of the current Plaintiffs has run during the pendency of the present suit. Under West Virginia's saving statute, the Plaintiffs would have up to a year to refile their lawsuit. In federal court they have no such right. An action dismissed without prejudice does not toll the statute of limitations.

J.A. 102. The district court granted plaintiffs' motion to dismiss and did not require plaintiffs to refile their suit in federal court. Defendants filed an appeal to this court and in an unpublished per curiam opinion we affirmed the district court's decision.

The identical plaintiffs who filed the Virginia suit filed the present lawsuit in state court in West Virginia, asserting the same personal injury claims as were asserted in the Virginia suit.[2] Defendants subsequently removed the case to the Northern District of West Virginia based on diversity jurisdiction. Plaintiffs filed a motion to remand[3] and defendants filed motions to dismiss.

Defendants argued that the statute of limitations had expired and that West Virginia's savings statute which gives a plaintiff a year to refile a lawsuit "if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason not based upon the merits of the action," W. Va. Code § 55-2-18 (2001), did not apply in this case. The magistrate judge recommended that plaintiffs' case be dismissed because he found that West Virginia's savings statute did not apply in this case, due to plaintiffs' voluntary dismissal of their Virginia suit. Plaintiffs immediately filed objections to the magistrate judge's recommendation. Plaintiffs averred that the dismissal of the Virginia suit was not voluntary because the dismissal was based upon a mistake in their counsel's interpretation of West Virginia's savings statute. Therefore, they argued there was no intent to abandon their suit, which plaintiffs contended is required by West Virginia law. After reviewing the magistrate judge's memorandum and recommendation, and plaintiffs' objections, the district court held that "Plaintiffs' assertion that their dismissal of the Virginia action was not a voluntarily dismissal is unsupported by West Virginia law." J.A. 17. In addition, the district court found that "Plaintiffs voluntarily, and on their own motion, dismissed their Virginia action, which for the reasons set forth in the Magistrate Judge's Report and Recommendation, renders the West Virginia savings statute, W.Va. Code § 55-2-18, inapplicable to the facts of this case." J.A. 17. Accordingly, the district court overruled plaintiffs' objections and dismissed plaintiffs' action with prejudice. Plaintiffs filed this appeal.

---

[2]Plaintiffs have also filed similar lawsuits in the Superior Court of New Castle County, Delaware (on December 17, 2002), and in the Circuit Court of Rockingham County, Virginia (filed on April 4, 2003).

[3]Plaintiffs now agree that "[t]his dispute is between citizens of different states," thus they do not challenge the jurisdiction of the federal court. Appellants' Br. at iii.

## II.

The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint. *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168 (3d Cir. 1978); 2A Moore's Federal Practice § 8.28, at 8-270 (2d ed. 1948). However, as an appellate court we are not bound by the label that the district court places upon its disposition of the case. *Clark v. Volpe*, 481 F.2d 634, 635 (4th Cir. 1973). "Whenever outside matters are presented to and not excluded by the trial court, [the motion to dismiss] should be considered on appeal as one for summary judgment even though the trial court characterized its action as a dismissal of the case for failure of plaintiffs to state a claim upon which relief can be granted." *Id.* at 635-36.

The record in this case shows that both parties were given a reasonable opportunity to present evidence upon which the trial court could properly determine whether summary judgment should be entered. Therefore, it is proper for this court on appeal to consider this as a motion for summary judgment. *Plante v. Shivar*, 540 F.2d 1233 (4th Cir. 1976). Appellate courts review grants of summary judgment *de novo*. *Higgins v. E. I. Du Pont de Nemours & Co.*, 863 F.2d 1162, 1166-67 (4th Cir. 1988). Accordingly, the narrow questions before us on *de novo* review are whether any genuine issues of material fact exist for the trier of fact, and if not, whether the district court erred in applying the substantive law. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979); *See also* Rule Fed. R. Civ. P. 56(c).

## III.

It is undisputed that West Virginia substantive law applies in this case and that the statute of limitations in a personal injury action is two years. *See* W. Va. Code § 55-2-12 ("Every personal action for which no limitation is otherwise prescribed shall be brought: . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries."). Plaintiffs' causes of actions accrued no later than July 28, 2000, the filing date of the amended complaint in the Virginia suit, to which all twenty of the

present plaintiffs were also a party. Therefore, the applicable limitations period expired no later than July 28, 2002. Thus, when plaintiffs filed this action in West Virginia state court on December 18, 2002 it was outside of the normal limitations period and therefore time-barred, unless the limitations period was extended by West Virginia's savings statute.

Plaintiffs contend that this court must apply the version of the statute that was available on August 11, 2000, the date plaintiffs moved for dismissal of the Virginia suit. In August 2000, before the revised statute was in effect,[4] West Virginia's savings statute stated in relevant part:

> If any action or suit . . . commenced within due time . . . should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit, . . . in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause, or after such arrest or reversal of judgment or decree, or such loss or destruction, but not after.

W. Va. Code § 55-2-18 (2000).

Plaintiffs assert that their attorney's admission that he accidently misinterpreted the West Virginia law *supra* when he pursued the voluntary dismissal in the district court in Virginia establishes that plaintiffs did not intend to voluntarily abandon their previous lawsuit.

---

[4]The legislature amended the statute, effective July 2001, to clearly state that "a party may refile the action if the initial pleading was timely filed and . . . the action was involuntarily dismissed" and adds that "an action dismissed as a result of process not having been served is not a dismissal on the merits." W. Va. Code § 55-2-18 (2001). However, the amendment did not alter the long-standing substantive principle that this section does not apply to cases which are voluntarily dismissed.

Thus, "the mistake or inadvertence of plaintiffs' counsel negate[s] the required intent to abandon necessary for a dismissal to be 'voluntary' under West Virginia law." J.A. 23.

Plaintiffs aver that *Crawford v. Hatcher*, 804 F. Supp. 834, 837 (D. W. Va. 1992), supports their position. In *dicta*, the court in *Crawford* suggests that there is

> a valid practical rationale for holding that the savings statute prevents dismissal in instances of mistake, inadvertence or simple neglect, but not where the original suit has been abandoned. The person who suffers when a suit is barred by the statute of limitations is the plaintiff. Mistake, inadvertence and neglect are more likely to be the fault of counsel than of the party. Conversely, in most cases of abandonment of a cause of action, the client will have participated in that decision. Thus, refusing to apply the savings statute in the former case is to punish the party for the fault of his counsel, while in the latter case we simply hold him to the consequences of his own conscious decision.

*Id.* at 838. The "mistake" the court in *Crawford* is referring to is one of negligence or inadvertence. In *Crawford*, the plaintiffs' case was dismissed by the court because the plaintiffs failed to serve the defendant within the statutorily required time. The court found that even prior to the 2001 revision, a "line of cases has developed in which the West Virginia Supreme Court has held that a voluntary dismissal by plaintiff of his original action takes the case out of the protection of the savings statute." *Id.* at 837. The court held that "'voluntary' dismissals should be confined to those cases in which the plaintiff has specifically or by implication abandoned his original action . . . . while plaintiff has in some respects been less than diligent, his lack of diligence never manifested, or even suggested, an intention to give up his original suit" against the defendant. *Id.* Here, there was no inadvertence, lack of diligence, or simple neglect. Thus, we find that plaintiffs intended to dismiss their Virginia suit.

Moreover, longstanding West Virginia case law does not support plaintiffs' assertion. Unlike this case, in all of the cases where West Virginia's savings statute has been held to be applicable, there was an

element of *inaction* on the part of the plaintiffs or erroneous action by the court that caused the suit to be dismissed. *Crawford*, 804 F. Supp. at 835 (finding that plaintiff's failure to effect service within the original 120-day time period was not a voluntary dismissal, because it was based on the inadvertent inaction of plaintiff's counsel); *Mills v. Indemnity Ins. Co.*, 166 S.E. 531, 5 (W. Va. 1932) ("The statute contemplates involuntary and not voluntary dismissals. If by the bringing of an action, holding it on the court docket for months, and then voluntarily dismissing it, a plaintiff could toll the statute of limitations, a method of circumventing the statute would thereby be perfected."); *Ryan v. Piney Coal & Coke Co.*, 73 S.E. 330 (W. Va. 1911) (holding that there was "court action over the protest of the plaintiff, and fault on the part of the court alone" therefore, the savings statute applied because the court wrongly refused to grant leave to amend a writ which caused the dismissal).

Thus, West Virginia case law held in August 2000, as it does now, that West Virginia's savings statute applies only where a dismissal is the result of a plaintiff's mistake or inadvertence due to inaction or lack of diligence by the party, or where an error of law is made by the court. *Crawford*, 804 F. Supp. at 837. Plaintiffs in this case clearly intended to voluntarily dismiss their Virginia suit, there was no inadvertence, and their counsel's misinterpretation of West Virginia law does not negate that intent.

Plaintiffs not only filed a motion to voluntarily dismiss their Virginia suit, clearly a volitional action, they also opposed defendants' appeal of the grant of dismissal in this court. West Virginia courts have repeatedly held that "a dismissal of an action which will save a second action from the effects of a statute of limitations must not be the result of voluntary action on the part of plaintiff, or must not amount to an abandonment of the action by the plaintiff." *Henthorn v. Collins*, 118 S.E.2d 358, 360 (W. Va. 1961); *Armor v. Michelin Tire Corp.*, 923 F. Supp. 103, 108 (D. W. Va. 1996) (concluding that "[b]ecause the Complaint in this action was filed more than two years after the accident at issue, Plaintiffs' claims are barred by West Virginia Code § 55-2-12(b) . . . [and that] voluntarily dismissed actions are not saved" by West Virginia's savings statute); *Carroll Hardwood Lumber Company v. Stephenson*, 51 S.E.2d 313 (W. Va. 1948) ("Where the dismissal, as here is due to an erroneous ruling of a trial court, the cause of action is saved for one year after the dismissal

under" § 55-2-18.); *McClung v. Tieche*, 29 S.E.2d 250 (W. Va. 1944) ("Where the former action has been dismissed by the voluntary act of the plaintiff or by conduct equivalent thereto, the statute of limitations is not tolled and a subsequent one, if commenced after the limitation has accrued, is barred."); *Ketterman v. Dry Fork Railroad Co.*, 37 S.E. 683, 684 (W. Va. 1900) (finding that because the dismissal was the "fault [of] the clerk's, and . . . the act of the law" the savings statute was applicable). Here, unlike the cases cited *supra*, there is no evidence that the dismissal of plaintiffs' Virginia suit was inadvertent or the court's error. What rings true is that plaintiffs' interpretation or reading of the West Virginia savings statute was wrong, but that does not alter the fact that plaintiffs and their counsel, of their own volition, moved the district court in Virginia to voluntarily dismiss their case.

Plaintiffs repeatedly argue that neither the Fourth Circuit, the district court in West Virginia, nor the West Virginia Supreme Court has ever specifically addressed plaintiffs' question of whether the mistake or inadvertence of plaintiffs' counsel can negate the intent to abandon that is necessary to make a dismissal voluntary. Put simply, plaintiffs are mistaken. The district court in West Virginia's findings of fact and conclusions of law aptly answer plaintiffs' question. Specifically, the district court states that "Plaintiffs' prosecution of their motion to voluntarily dismiss their Virginia action is strong evidence of abandonment of that action even if they intended to still pursue their claims against the Defendants in other forums." J.A. 20. The district court also concludes that "Plaintiffs' counsel's error is not a basis to conclude Plaintiffs did not abandon their Virginia action." *Id.* We agree with the district court.

Accordingly, we find that plaintiffs' counsel's misinterpretation of West Virginia's savings statute does not negate the voluntary dismissal and intended abandonment of plaintiffs' Virginia suit. Consequently, having abandoned their original suit, West Virginia's savings statute, W. Va. Code § 55-2-18, does not apply to plaintiffs' present action.

## IV.

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*