# CHARLESTON

## WELLS v. SIMMONS.

61    105
p61   107

Submitted June 13, 1906.    Decided December 11, 1906.

1. EQUITY—*Pleading—Demurrer.*
   A bill avers that the plaintiff had been appointed by a clerk of the county court guardian of an infant, and files an order made by the clerk. Even though the order, taken alone, may not fully prove the appointment, yet if it does not contradict such averment of the bill that averment is taken for true on demurrer. (p. 105.)

Appeal from Circuit Court, Roane County.

Bill by H. B. Wells, guardian, against Minnie B. Simmons and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

PENDLETON & BOGGESS, for appellant.

WARREN MILLER and J. M. HARPER, for appellees.

BRANNON, JUDGE:

H. B. Wells, as guardian of Earl Simmons, filed in the circuit court of Roane county his petition under Code 1899, chapter 83, section 12, seeking authority to sell a certain interest of the infant in oil and gas in a tract of land, which petition was dismissed on demurrer, and Wells appealed.

The first matter we meet is a motion made by the guardian *ad litem*, Minnie B. Simmons, to dismiss the appeal. This motion is based on these facts: J. M. Simmons, father of the infant, left a will appointing his widow, Minnie, testamentary guardian for his three children, Earl being one of them. Six years after the probate of the will and five after the appointment of Wells as guardian of Earl Simmons, Minnie B. Simmons went before the clerk of the county court and accepted the testamentary guardianship under said will, and then as guardian filed in said court a petition seeking authority to lease the same oil and gas interest of Earl Simmons as the proceeding of Wells sought to sell, and obtained a decree authorizing her to lease said oil and gas interest, and she did

lease, and the lease was confirmed. The petition of Minnie B. Simmons was filed after that of Wells. Minnie B. Simmons claims that her proceeding to lease has the effect to render the proceeding of Wells useless, as it has disposed of the interest of the infant, and left nothing to be decided on the appeal of Wells, and therefore that appeal must be dismissed as if involving a moot question. We cannot accede to this position. The proceeding of Minnie B. Simmons as guardian is in her name, that of Wells in his name as guardian, and Wells is no party as guardian to her suit. It is another suit. Nor is she a party as guardian to his suit, but only as widow, except she is guardian *ad litem.* Their respective rights as guardian are not involved in either suit. And can we review the record of the Minnie B. Simmons suit, which is not before us on appeal, so as to say that it has effect to leave no question to decide on the appeal? We think not. It is not a part of the appeal record. And again, the Wells suit sought to sell outright the fee in the oil and gas, the other sought only to lease, different objects, the second suit not covering the whole ground of the first. The lease made under the decree was for ten years, when it might end, would end, if oil should not be found in paying quantity. So, we cannot dismiss the appeal.

Next is the question, Did the court err in sustaining the demurrer to the petition of Wells? The only matter here relied on to sustain the demurrer is that the order appointing Wells as guardian does not show that the infant resided in Roane county or had notice. Now, the petition, distinctly avers that Wells had been appointed guardian, and was his legal guardian. The demurrer admits this. True, the order of appointment alone does not show these facts; but does not contradict the allegations that he had been appointed and was lawful guardian. The petition does not say or import that there was no other paper in the appointment proceeding empowering Wells. The petition does not appeal to that order as the only evidence of appointment. As the order filed does not contradict the allegation that Wells had been appointed, that allegation must be taken for true. As to the suggestion that there was a testamentary guardian, and Wells

could not be appointed. It does not appear on demurrer, the will not being exhibited.

Therefore we reverse the decree, overrule the demurrer, and remand the case to the circuit court that it may allow an answer, and for further proceedings proper in the case.

*Reversed.*