# CHARLESTON.

. ALEX COLLEY, ADM'R. *v.* A. L. CALHOUN.

Submitted October 25, 1921.    Decided November 1, 1921.

1.   EXECUTORS   AND   ADMINISTRATORS—*Appointment   in   County Where Deceased Did Not Die   or Leave Estate Cannot be Collaterally Attacked.*

An appointment of an administrator in a county in which the intestate left no estate and did not reside at the time of his death, is not void and cannot be collaterally attacked.    Although voidable, it is treated as valid and allowed full operation, until vacated or ;otherwise abrogated.    (p. 400).

2.   SAME—*In Administrator's Action to Recover Debt Evidences of Appraisal Required by Statute are Properly Admitted in Edivence.*

In the trial of an action by an administrator to recover money due the estate of the decedent, evidences of debt bearing the appraisal endorsement required by sec. 12; ch. 85, Code, are properly admitted and constitute sufficient proof of appraisement, even though the appraisers may have been appointed in a county other than that contemplated by law. The place of appraisement is not of the assence of the statutory requirement.    (p. 401).

Error to Circuit Court, McDowell County.

Action by Alex Colley, administrator, against A. L. Cal-

houn.    Verdict for plaintiff was set aside, a new trial award-
ed, and plaintiff brings error.

>    *Reversed, and judgment for plaintiff on verdict.*

*Cecil H. Riley,* and *Litz & Harman,* for plaintiff in error.
*G. L. Counts,* for defendant in error.

POFFENBARGER, JUDGE:

The argument submitted on this writ of error tacitly, if not
expressly, admits the order setting aside the verdict found for
the plaintiff and awarding the defendant a new trial, of which
complaint is made, stands upon the assumption of invalidity
of the plaintiff's letters of administration and consequent
lack of right to maintain the action brought by him for re-
covery of money due the estate of Wise Robinson, his in-
testate.

He took out his letters of administration in the county in
which Robinson died, Mercer County, but it is urged that
the permanent residence of the intestate was in McDowell
County.    Being a resident of McDowell, he went to Blue-
field in Mercer, for treatment in a hospital, and there died
two or three weeks later.    After his death and the ap-
pointment of his administrator, the documentary evidence
of indebtedness, constituting the basis of this action, was
found in his trunk at the place of his residence at the time
of his departure for Bluefield.

Permanent or legal residence of the decedent in McDowell
County being conceded for the purposes of this inquiry, the
appointment was not void, but only voidable, and cannot be
collaterally attacked or assailed.    For the correctness of
this holding, it suffices merely to cite the following decisions
applying the principle in cases dependent upon strikingly
similar facts and circumstances.    *Tomblin* v. *Peck,* 73 W.
Va. 336; *Wells* v. *Simmons,* 61 W. Va. 105; *Findley* v. *Find-*
*ley,* 42 W. Va. 381; *Starcher* v. *South Penn Oil Co.,* 81 W.
Va. 587; *Cicerello* v. *C. & O. Ry. Co.,* 65 W. Va. 439; *Allen*
v. *Linger,* 78 W. Va. 277.    An appointment of an adminis-
trator by the county court of a county in which the decedent
left no estate, is merely voidable, not void and not open to col-
lateral attack.    *Fisher* v. *Bassett,* 9 Leigh 119; *Andrews* v.

*Avory,* 14 Gratt. 229.    These two decisions stand upon facts of exactly the same nature as those involved in this case. It is manifestly both unnecessary and improper, to inquire now whether the appointment is voidable.. Being unvacated, it must be treated as valid, for the purposes of this case.

The evidence of the indebtedness sued for consists of three receipts for $160.00, $50.00 and $100.00, respectively, signed and delivered by the defendant, as evidence of the receipt of said sums for "safe keeping." All of them were appraised and endorsed agreeably to the requirements of sec. 12, ch. 85, Code, by appraisers appointed in Mercer County. As the object of these requirements is recorded disclosure of the personal estate of the decedent, for state taxation and other general purposes, the place of the appraisement is not an essential element of the statute. Such disclosure in any county, whether the one in which the property is or not, accomplishes the legislative purpose. If a note, bond or other evidence of debt sued upon is shown to have been appraised by appraisers appointed in the county of appointment of the administrator, the trial court cannot consistently be required to enter upon a collateral inquiry as to the regularity of the appraisement. The statute itself, in express terms, dispenses with necessity of proof of listing beyond the endorsement of the appraisers.

Payment was relied upon as the defense and some evidence thereof was adduced, but, in the opinion of the jury, it was insufficient. It included what purported to be a receipt in full, signed by Robinson, but the genuineness of the signature was denied and a letter proved to be in the handwriting of Robinson was put in evidence for comparison. As the jury found for the plaintiff, in the sum of $300.00, they evidently found the receipt was not genuine. All of the apparent errors committed in the course of the trial were to the prejudice of the plaintiff, not the defendant, wherefore they afforded no ground for setting aside the verdict.

For the reasons stated, the order complained of will be reversed, the verdict reinstated and judgment rendered thereon.

*Reversed, and judgment for plaintiff on verdict.*