Robert **RAILING**, Administrator of the Estate of Carrie Stern, deceased, Plaintiff,

v.

D. C. **CASE**, doing business as Case Produce Company, and Eugene Arthur Case, Defendants.

Civ. A. No. 256–E.

United States District Court
N. D. West Virginia, Elkins Division.

June 9, 1955.

George A. Aronson, East Liverpool, Ohio, Charles H. Haden, Morgantown, W. Va., for plaintiff.

Jacob S. Hyer, Milford L. Gibson, Elkins, W. Va., for defendants.

BOREMAN, District Judge.

This is a tort action instituted by the Administrator of the Estate of Carrie Stern, deceased, after the death of said Carrie Stern, to recover damages for personal injuries, pain, suffering and mental anguish sustained, and expenses incurred, by plaintiff's decedent, such injuries allegedly having been caused by the defendants' negligent operation of a motor truck which collided with the automobile in which the said Carrie Stern was a passenger. The declaration does not aver that the death of plaintiff's decedent resulted from the injuries.

The collision occurred on the 10th day of July, 1953, and Carrie Stern died on the 23rd day of April, 1954. This action was instituted in June 1954 and within the period of one year following the accident.

At the time of the bringing of this action, the plaintiff herein instituted another action against these same defendants under the wrongful death statutes of the State of West Virginia, alleging that the death of Carrie Stern resulted from the injuries received by her in the accident of July 10, 1953. Both actions were brought in the Circuit Court of Preston County, West Virginia, and were properly removed to this court on the ground of diversity of citizenship. The defendants herein filed their motion to dismiss this action and the sole question arising thereon is whether or not the cause of action for personal injuries survived the death of the injured party, no action having been instituted during the life of such party.

The plaintiff admits that, at common law, all actions for personal injuries, being personal actions, died with the person whether such person received or committed the injury, and no such action could be maintained either by or against his personal representative, but insists that it was the intention of the Legislature of West Virginia to correct this "injustice" to the injured party by the enactment of certain statutes. The defendants contend that there was no such legislative intent and that the common law rule, barring such action, still prevails in this state.

Of course, this Court will follow the statute law of the State of West Virginia if the statutes are clear; if they are ambiguous, then this Court will look to the interpretation thereof by the Supreme Court of Appeals of this state. It is well settled that a Federal Court, exercising jurisdiction in a case such as this, must apply the state law as declared by the highest state court if such rule of law has been sufficiently established. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The first restriction or limitation of the common law rule pertaining to the survival of actions for personal injuries arose under the statute which embodied the provisions known as Lord Campbell's Act, passed by the British Parliament in 1846, and which has served as a model for subsequent legislation in most of the states. The statute relating to that subject gave a cause of action to the personal representative against any person who wrongfully caused the death of his decedent and, with some variations and amendments from time to time, has been the law of this state from its formation. See *Byrd v. Byrd*, 122 W.Va. 115, 7 S.E. 2d 507; *Wilder v. Charleston Transit Co.*, 120 W.Va. 319, 197 S.E. 814, 117 A.L.R. 948.

Originally it provided a cause of action in favor of the personal representative of the deceased person against the wrongdoer who caused the death, but made no provision for the survival of the action against the personal representative of the wrongdoer in the event of the death of the wrongdoer. The statute, in the form in which it existed prior to its latest amendment, appeared as Sections 5 and 6, Article 7, Chapter 55 of the Code of 1931. By an amendment of Section 5, adopted in 1931, the right of action was preserved in favor of the personal representative of the person whose death resulted from a wrongful act against the personal representative of the wrongdoer. The only purpose of the amendment to the statute relating to an action for wrongful death, however, was to cause such action to survive as against the personal representative of the deceased wrongdoer. The amendment did not change the common law rule with respect to a person injured by the wrongdoer when such injury did not cause death. See *Byrd v. Byrd*, supra.

A new statutory provision was incorporated in the Code of 1931 as Section 8, Article 7, Chapter 55. In its original form, it declared that when an action is brought by an injured person for damage caused by a wrongful act and, pending the action, the injured person died as a result of the wrongful act, the action should not abate by reason of his death but might be revived in the name of his personal representative. The section, by its terms, did not refer to an action by a person injured for damage caused by the wrongful act of another when the injuries did not cause the death of the injured person or provide for the survival of the action against the personal representative of a deceased wrongdoer. Said section was amended by Chapter 2, Article 7, Section 8, Acts of the Legislature of 1945. As so amended and as further subsequently amended by the 1949 Legislature, the section is now in this form:

"Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived

in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six (§§ 5474 and 5475) of this article, and the case proceeded with as if the action had been brought under said sections. But in such case there shall be but one recovery for the same injury. And any right of action which may hereafter accrue by reason of any injury done to the person of another, and not resulting in death, by the wrongful act, neglect or default of any person, shall survive the death of the wrongdoer and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before the death of the injured party; but any such action shall be instituted within one year from the time such cause of action accrued. Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable."

The plaintiff contends that the quoted section of the statute, as passed by the West Virginia Legislature of 1945, should be construed as changing the common law to the extent of preserving to the personal representative a cause of action for personal injuries to his decedent in addition to the cause of action for wrongful death, and that it was the intention of the Legislature to completely abrogate the common law by the enactment of these various statutes. The plaintiff admits, however, that the Supreme Court of West Virginia has never squarely ruled upon the question here involved, namely, whether or not the personal representative of the injured party has the right to institute and prosecute a suit for personal injuries and, at the same time, maintain a suit for the wrongful death of his decedent.

In the case of City of Wheeling, ex rel. Carter v. American Casualty Co., 1948, 131 W.Va. 584, 48 S.E.2d 404, 409, there is a full discussion of the rule of the common law pertaining to the survival of actions and the effect of certain amendments. The question here presented was not decided in that case but Judge Haymond, in his opinion, states:

"A statute may make a cause of action survive when an action instituted upon it was pending at the death of the person who brought it, even though the cause of action would not have survived if no action had been begun. * * * Numerous cases hold, however, that a statute which in terms prevents abatement and provides for the revival of pending actions, does not operate as a revival statute if no action is pending at the time of the death of the injured party. 1 Am. Jur., Abatement and Revival, Section 79. That situation, however, does not arise in this case."

Having due regard for the interesting contention of the plaintiff's counsel, and having searched in vain for a decision of the question here presented by the Supreme Court of West Virginia, this Court must look elsewhere for further evidence of the intention of the Legislature in adopting the 1945 amendment to the statute. Upon investigation, I find that a bill was introduced in the House of Delegates at the 1945 Legislative Session known as "House Bill No. 29", which was referred to the Committee on the Judiciary and which is quoted as follows:

"A Bill to amend and reenact section eight, article seven, chapter fifty-five of the code of West Virginia, one thousand nine hundred thirty-one, relating to the termination or abatement of action for injury upon the death of either party

or dissolution of defendant corporation.

"*Be it enacted by the Legislature of West Virginia:*

"That section eight, article seven, chapter fifty-five of the code of West Virginia, one thousand nine hundred thirty-one, be amended and reenacted to read as follows:

"Section 8. *Action for Injury Not to Determine, Nor Action When Brought, to Abate by Death of Either Party or Dissolution of Defendant Corporation.*—The right of any person injured by the wrongful act, negligence or default of another, or his personal representative to maintain an action therefor against such wrongdoer, shall not determine, nor the action when brought, abate by the death of the defendant, or the dissolution of the corporation when a corporation is the defendant. Where an action is brought by a person injured for damage caused by the wrongful act, negligence or default of any person or corporation, and the person injured dies pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative; and where no action has been brought by the injured party before his death, not resulting from such injury, his personal representative may institute such action. If death resulted from the injury, the declaration and other pleadings shall be amended so as to conform to an action under sections five and six of this article, and the case proceeded with as if the action had been brought under said sections; but in such case there shall be but one recovery for the same injury. And any right of action which may hereafter accrue by reason of any injury done to the person of another, and not resulting in death, by the wrongful act, negligence or default of any person, shall survive the death of the wrongdoer and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before or after the death of the injured party. Any such action brought for an injury not resulting in the death of the injured person shall be brought within one year from the date of the injury complained of. Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable."

Particular attention is directed to this provision of House Bill No. 29:—"*And where no action has been brought by the injured party before his death, not resulting from such injury, his personal representative may institute such action.*"

The Committee on the Judiciary brought out a Committee Substitute for said House Bill No. 29 which was passed by the Legislature in the form in which it now appears as Section 8, Article 7, Chapter 55, of the Code of West Virginia, and which omitted the last quoted portion of said House Bill No. 29.

Obviously House Bill No. 29 proposed to amend the law pertaining to the survival of causes of actions for personal injuries beyond the provisions of the amendment actually adopted by the 1945 Legislature. Therefore, it is clear that the Legislature considered an amendment which would have sustained the position which the plaintiff urges in this case but refused to adopt it.

Therefore, in view of such refusal of the Legislature, it is the opinion of the Court that the cause of action

**758**

for personal injuries to the plaintiff's decedent, upon which no action was instituted during the life of such decedent, did not survive her death. The motion of the defendants to dismiss this action is sustained.