Gustava CONRAD, Administratrix of the Estate of Roy M. Conrad, Deceased, and Gustava Conrad, personal representative by virtue of her appointment as Administratrix of the Estate of Roy M. Conrad, for and In Behalf of the Distributees of the Estate of Roy M. Conrad, Deceased, Plaintiff,

v.

Jesse S. WERTZ, Merrill W. Wray, and Ace Doran Hauling and Rigging Co., Defendants.

No. 1548–W.

United States District Court
N. D. West Virginia.

Jan. 22, 1968.

Pietranton & Hagg, Weirton, W. Va., for plaintiff.

Thomas B. Miller, Schmidt, Laas, Schrader & Miller, Wheeling, W. Va., for Ace Doran Hauling and Rigging Co.

Goodwin, Mead & Goodwin, Wheeling, W. Va., for Jesse S. Wertz and Merrill W. Wray.

## MEMORANDUM

MAXWELL, Chief Judge.

On the 1st day of April, 1964, Roy M. Conrad was operating an automobile on the inside or passing lane of a three lane public highway in Hancock County, West Virginia. When a tractor-trailer, operating in the outside lane, attempted to cross the center lane, a collision occurred between the Conrad automobile and the tractor-trailer driven by Jesse Wertz. The tractor-trailer was owned by Merrill W. Wray and was leased to Ace Doran Hauling and Rigging Co. The driver, owner and carrier are all defendants in this action.

Roy M. Conrad received numerous injuries in the collision requiring extensive medical treatment and resulting in considerable loss of available work. On December 15, 1964, Roy M. Conrad died. Whether the cause of death was the injuries received in the collision of April 1, 1964, is an important issue in this case.

Gustava Conrad was appointed Administratrix of the estate of Roy M. Conrad and instituted this suit in the Circuit Court of Hancock County, West Virginia. The action was subsequently removed to this court by defendants.

The defendants have moved to dismiss the complaint since it seeks to combine the personal injury action with a West Virginia statutory wrongful death action. Defendant Ace Doran Co. seeks dismissal on the additional ground that the owner of the truck and his employee were not agents of the carrier by virtue of an existing equipment lease agreement. The lease agreement provided that the relationship created was that of an independent contractor.

Counsel for Ace Doran states in their trial brief, "Defendant Ace Doran believes that a decision on this portion of its motion [independent contractor] might be deferred, pending development of testimony in this case." With this contention the Court agrees, therefore a ruling on this will be delayed until trial of this matter.

A decision on the other grounds urged is controlled by West Virginia statutory provisions, inasmuch as this type of action did not exist at common law and exists now only by virtue of legislative action. On facts such as are alleged in this case, where there is an alleged injury and after a lapse of time the injured party dies, there appear to be three types of action permitted by West Virginia statutes in force in 1964.

The first action provided for by statute exists where the injuries caused the death and the injured party expires before suit is instituted. This cause of action is known as the Wrongful Death Action and is provided for in Code section 55–7–5 (Michie 1961).[1] The dam-

---

1. § 5474. [5] Action for Wrongful Death. —Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree, or manslaughter. No action, however, shall be maintained by the personal representative

ages allowable under this section, in 1964, are set forth in section 55–7–6 (Michie 1961).[2]

■ The second situation considered is where the injured party does not die immediately from the injuries and during the interval between the injuries and his death a suit is instituted to recover damages caused by the injuries.[3]

■ This statute only applies where the person dies of the injuries received in the wrongful act for which the suit is pending. It is also important to recognize that under this section further proceedings must conform to an action for wrongful death and the recovery is limited to the amount provided for by the wrongful death provisions.[4]

of one who, not an infant, after injury, has compromised for such injury and accepted satisfaction therefor previous to his death. Any right of action which may hereafter accrue by reason of such injury done to the person of another shall survive the death of the wrongdoer, and may be enforced against the executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before or after the death of the injured party. (1863, c. 98, § 1; Code 1868, c. 103, § 5; Code 1923, c. 103, § 5; 1931, c. 20).

2. § 5475. [6] Party Plaintiff in Such Action; Damages; Distribution; Limitation. —Every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered in every such action shall be distributed to the parties and in the proportion provided by law in relation to the distribution of personal estate, left by persons dying intestate. In every such action the jury may give such damages as they shall deem fair and just, not exceeding ten thousand dollars: Provided, however, that if the plaintiff in such action shall prove by a preponderance of the evidence financial or pecuniary loss sustained by a distributee or distributees of such deceased person, the jury may give such further damages as shall equal such financial or pecuniary loss to such distributee or distributees, not exceeding the sum of twenty-five thousand dollars as the total of all damages recoverable in such action, and the amount so recovered shall not be subject to any debts or liabilities of the deceased.

Items of pecuniary loss or expenses recoverable under general law by the personal representative of the deceased for the benefit of the estate of the deceased, including but not limited to loss or expense caused by damage to property of the deceased, reasonable and necessary expense incurred in medical or surgical treatment, hospitalization, and burial of deceased shall not be admissible in evidence or considered by the jury in such action. Nothing herein contained shall bar the recovery of such items of loss or expense in an action proper for such purpose.

In every case in which the jury shall give damages for financial or pecuniary loss in such action, the jury shall state in their verdict the part thereof given for such financial or pecuniary loss. Every such action shall be commenced within two years after the death of such deceased person.

The provisions of this section shall not apply to actions brought for the death of any person occurring prior to the effective date hereof. (1863, c. 98, § 2; Code 1868, c. 103, § 6; 1882, c. 105, § 6; Code 1923, c. 103, § 6; 1955, c. 1; 1961, c. 2.)

3. § 5477. [8] When Action Not to Abate; Survival of Action for Personal Injury Against Wrongdoer.—Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies as a result thereof pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six (§§ 5474 and 5475) of this article, and the case proceeded with as if the action had been brought under said sections. But in such case there shall be but one recovery for the same injury. (1945, c. 2; 1949, c. 4; 1959, c. 3.) Revisers' Note.— This section is new.

4. Alloy, Admrx. v. Hennis Freight Lines, Inc., 139 W.Va. 480, 80 S.E.2d 514 (1954).

The third possible action exists where there is an injury and before a suit is instituted the injured party dies for reasons *other* than the injuries for which the suit would lie. This section, added in 1959, is identified as section 55–7–8a (Michie 1961).[5]

In the instant case, because there was no action pending at the defendant's death, this case must come within either the first or third categories. Therefore, if Roy M. Conrad died of injuries received in the collision this action must proceed under the Wrongful Death provision. If his death on December 15, 1964, was for reasons other than the injuries suffered in the wreck of April 1, 1964, this action is permissible under section 55–7–8a. Section 55–7–8a was added in 1959 as an apparent legislative remedy to the situation discussed in Railing v. Case, 131 F.Supp. 754 (N.D.W.Va. 1955).

In the *Railing* case, bearing facts similar to those here, there was a collision on July 10, 1953. The injured party died on April 23, 1954. The administrator brought suit to recover damages for personal injuries, alleging such injuries to have been caused by the defendant's negligent operation of a motor truck that collided with the automobile in which the injured party, deceased, was a passenger. The declaration did *not* aver the death of the plaintiff's decedent resulted from the injuries.

Simultaneous with that action, plaintiff also brought an action against the same defendants, under the wrongful death statute, alleging that the death *resulted* from the injuries received in the collision of July 10, 1953.

In discussing defendant's motion to dismiss the personal injury action, the court noted that the West Virginia House of Delegates in 1945 had considered and subsequently rejected an amendment to Section 55–7–8 which would have added:

> "and where no action has been brought by the injured party before his death, not resulting from such injury, his personal representative may institute such action."

The court concluded that in view of the legislative refusal to adopt the amendment the cause of action did not survive and granted defendant's motion to dismiss.

Defendant Ace Doran contends that "This provision [referring to the section quoted above by the *Railing* court] was not adopted by the legislature in that session or in any following sessions, and, therefore [the *Railing* conclusion correctly] determined that our legislature has rejected the position urged by Plaintiff in this case."

5. § 5477(1). [8a] Which Actions Survive; Limitations; Which Law Governs.—(a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.
(b) If any such action is begun during the lifetime of the injured party, and within the period of time permissible under the applicable statute of limitations as provided by articles two (§ 5393 et seq.) and two-a [§ 5412(1) et seq.] of this chapter, (either against the wrongdoer or his personal representative), and such injured party dies pending the action it may be revived in favor of the personal representative of such injured party and prosecuted to judgment and execution against the wrongdoer or his personal representative.
(c) If the injured party dies before having begun any such action and it is not at the time of his death barred by the applicable statute of limitations under the provisions of articles two (§ 5393 et seq.) and two-a [5412(1) et seq.] of this chapter, such action may be begun by the personal representative of the injured party against the wrongdoer or his personal representative and prosecuted to judgment and execution against the wrongdoer or his personal representative. Any such action shall be instituted within the same period of time that would have been applicable had the injured party not died.
(d) If any such action mentioned in the preceding subsections (a), (b) and/or (c) shall have been begun against the wrong-

This Court believes this contention to be incorrect, since such an amendment was adopted in 1959 and is now found in the Code section 55–7–8a.

■ Since the statutes have been changed since the *Railing* decision, it appears to this Court that the plaintiff may sue in the alternative, as permitted by the Rules of Civil Procedure, but that the plaintiff cannot combine the actions. The sections by their very wording are mutually exclusive. The cause of death of decedent is not now known, under the present state of the pleadings, and since this factor determines which statute is appropriate, alternative pleading would seem to be opportune.

One additional contention submitted by plaintiff should be considered at this juncture. The 1961 Legislature amended section 55–7–6 to exclude certain elements of damage from recovery. That section, as it was amended, reads, in part, as follows: "Items of pecuniary loss or expense recoverable under general law by the personal representative of the deceased for the benefit of the estate of the deceased, including * * * reasonable and necessary expense incurred in medical or surgical treatment, hospitalization, and burial of deceased shall not be admissible in evidence or considered by the jury in such action. Nothing herein contained shall bar the recovery of such items of loss of expense in an action proper for such purpose." [6]

Certain items, recoverable prior to 1961, as part of the wrongful death action, were excluded by the 1961 amendment and left recoverable in a proper action. Because such actions were not allowed at common law, and exist now only by virtue of statutes, the repeal of that portion of the statute permitting such damages seemingly destroyed the right to maintain a suit to recover such damages. While this Court finds the plaintiff's reasoning and argument, in explaining this 1961 change, very plausible, it fails to present an alternative to the conclusion that a suit for the excluded damages is not maintainable.

The problem created by the statutory change was discussed in Jackson v. Cockill, 149 W.Va. 78, 138 S.E.2d 710 (1964). The *Jackson* court stated that the "admitting into evidence of the funeral bill and the allowing it to be considered as pecuniary damages by the jury * * * constituted error." The court observed that the amendment in 1961 changed the law as it relates to damages, as in Stamper v. Bannister, 146 W.Va. 100, 118 S.E.2d 313 (1961) (Decided on February 14th).

The court further noted in Jackson v. Cockill that:

> The effect of the amendment of the legislature is to leave in some confusion the question of how the funeral expenses may be obtained from a negligent wrongdoer. The only thing that is now certain is that they cannot be obtained as part of the damages in a wrongful death action. We do not have before us the question of whether they may be sued in some other action as the legislature implies by the use of the term "general law", which perhaps was intended to be synonymous with "common law", although, more properly, the term is used to refer to a law which affects the state as a whole as distinguished from a local or special law.

doer and he or she dies during the pendency thereof, it may be revived against the personal representative of the wrongdoer and prosecuted to judgment and execution.

(e) The applicable provisions of article eight (§ 5686 et seq.), chapter fifty-six of this Code shall govern the actions hereinabove mentioned, with reference to their abatement, revival, discontinuance, reinstatement and substitution of parties.

(f) Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable. (1959, c. 3.).

6. W.Va.Code 55–7–6 (Michie 1961).

While it is evident that the Legislature believed such damages to be recoverable in some manner, no demonstrated route to maintain such an action is suggested or presented.

■ This situation, however, was clarified by legislative amendment in 1965.[7] This amendment indicates that such an action was not maintainable since if there had been an opportunity to litigate under the general law such an amendment would not have been needed. Therefore, since the right for these damages exists only by statute, in the absence of statutes they cannot be maintained.

■ It should be noted, however, that if the cause of death was for reasons other than the injuries received on April 1, 1964, then all expenses related to that injury could be sought under section 55–7–8a. In such case, since the death was not related to the accident, burial expenses would be neither admissible nor recoverable.

The motion to dismiss is granted and the plaintiff is given 20 days from the date of this opinion to amend the complaint to conform to this decision.

7. § 55–7–6. By whom action for wrongful death to be brought; amount and distribution of damages; period of limitation.

Every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered in every such action shall be recovered by said personal representative and be distributed in accordance herewith. In every such action the jury may award such damages as they deem fair and just, not exceeding ten thousand dollars, and the amount recovered shall be distributed to the parties and in the proportion provided by law for the distribution of personal estate left by persons dying intestate. In addition, the jury may award such further damages, not exceeding the sum of one hundred thousand dollars, as shall equal the financial or pecuniary loss sustained by the dependent distributee or distributees of such deceased person, and shall be distributed as though part of the decedent's estate to decedent's dependent distributees in the proportions provided

by the laws of descent and distribution. In every such action and in addition to the damages awarded pursuant to the foregoing provisions hereof, the personal representative of the deceased shall be entitled to recover the reasonable funeral expenses of such deceased person and the reasonable hospital, medical and other expenses incurred as a result of the wrongful act, neglect or default of the defendant or defendants which resulted in death. In its verdict the jury shall set forth separately the amount of damages, if any, awarded by it for reasonable funeral, hospital, medical and said other expenses incurred as a result of the wrongful act, neglect or default of the defendant or defendants which resulted in death, and any such amount recovered for such expenses shall be so expended by the personal representative.

Every such action shall be commenced within two years after the death of such deceased person.

The provisions of this section shall not apply to actions brought for the death of any person occurring prior to the effective date hereof.