STATE *ex rel.* GERTRUDE HORNER

*v.*

DONALD F. BLACK, *Judge, etc.*

(No. 13231)

Submitted September 27, 1972. Decided November 28, 1972.

*Robert W. Friend,* for relator.

*McDougle, Davis, Handlan & Davis, Joseph M. Handlan,* for respondent.

CARRIGAN, JUDGE:

This is an original proceeding in mandamus in which Gertrude Horner, the relator, seeks to compel Donald F. Black, Judge of the Circuit Court of Wood County, the respondent, to revive in the name of L. W. Bechtold, Administrator of the estate of Clarence Millsaps, a civil action instituted by relator against Clarence Millsaps, now deceased, and other defendants.

Gertrude Horner instituted a civil action in the Circuit Court of Wood County against Clarence Millsaps and other defendants in May, 1969, to recover damages for personal injuries, medical expenses, and other damages resulting from an accident involving an automobile in which she was a passenger and a truck driven by Clarence Millsaps. Service was had on all defendants who were non-residents, through the State Auditor, under the provisions of Section 11, Article 3, Chapter 56, Code of West Virginia, 1931, as amended. Subsequently, Gertrude Horner was permitted to file her first amended complaint bringing in additional defendants, they being interested either as owners of the truck or as employer of Millsaps. It appears that the employer of Millsaps and the ownership of the vehicle he was driving are in dispute between the other defendants. All defendants,

including Millsaps, answered said First Amended Complaint in October, 1969.

Clarence Millsaps died August 27, 1970, a resident of North Carolina. On September 16, 1971, L. W. Bechtold, the sheriff of Wood County, was appointed the administrator of the estate of Clarence Millsaps by the County Court of Wood County. Horner filed a written motion to be permitted to amend her complaint by substituting the administrator for Millsaps, which motion was denied by the court. Horner then moved under R.C.P. 60 for the court to "correct" its prior order which motion was denied. Horner subsequently moved for leave to file a Third Amended Complaint which motion was also denied.

The validity of the appointment of an administrator was not raised by any pleading in the circuit court nor was it passed upon by that court. It is *stipulated* by both parties that the administrator's appointment by order of the county court *has not been vacated, annulled or voided* and is still in force.

This Court has held in *Colley v. Calhoun,* 89 W.Va. 399, 109 S.E. 484 (1921) that the appointment of an administrator is only voidable, not void, and cannot be collaterally attacked. See also *State ex rel. Linger v. County Court,* 150 W.Va. 207, 144 S.E.2d 689 (1965); *Doak, Admr. v. Smith,* 93 W.Va. 133, 116 S.E. 691 (1923); *Starcher, Adm. v. South Penn Oil Co.,* 81 W.Va. 587, 95 S.E. 28 (1918) and *Cicerello v. C. & O. Railway,* 65 W.Va. 439, 64 S.E. 621 (1909) as to collateral attack upon appointment of fiduciaries, committees, etc.

The main issue, and the sole issue, decided by the circuit court's opinion is, can an action be revived against the fiduciary of one of several joint tort-feasors under the provisions of Chapter 55, Article 7, Section 8a. This Court has not construed the application of this statute since it was enacted in 1959.

In refusing to permit the substitution of the Administrator and the revival against the Administrator, the Circuit Court stated in its opinion of November 12, 1971:

"I am of the opinion to deny the Plaintiff's motion that this action be revived as to the deceased defendant, Clarence Millsaps, in the name of L. W. Bechtold, Administrator of the Estate of Clarence Millsaps, Deceased.

"See Code 56-8-2, the first sentence, and *Means v. Barnes*, 72 W.Va. 512, Syllabus 1, which I have Shepardized."

and in its opinion of February 16, 1972:

"As Code 55-7-8a- e states that Code 56-8-1 etc., shall govern the actions mentioned in 55-7-8a with reference to their abatement, revival, discontinuance, reinstatement, and substitution of parties, I am of the opinion to adhere to my original ruling, contained in the Opinion of this court, dated the 12th day of November, 1971."

Thus we see the Circuit Court, in its opinion of November 12, 1971, reaffirmed by its opinion of February 16, 1972, relies on Section 2, Article 8, Chapter 56, Code of West Virginia, 1931, as amended, entitled "Death of joint party; revival of pending suit or action" and on the case of *Means v. Barnes,* 72 W.Va. 512, 78 S.E. 665 (1913). Said statute reads as follows:

"Where such fact occurs in any stage of a cause, whether it be in a court of original or appellate jurisdiction, if it occur as to any of several plaintiffs or defendants, the suit or action may proceed for or against the others, if the cause of suit or action survive to or against them. If a plaintiff or defendant die pending any suit or action, whether the cause of action would survive at common law or not, the same may be revived and prosecuted to judgment or decree and execution in the same manner as if it were for a cause of action arising out of contract."

The Syllabus in *Means v. Barnes, supra,* reads as follows:

"The common law rule abating an action on the death of one of two or more joint defendants

> is not so altered by section 2 of chapter 127 of the Code as to authorize revival of the action against the personal representative of the deceased joint defendant. Said section merely prevents total abatement and enables the plaintiff to keep the action alive against the surviving defendants."

The Circuit Court in its opinion of February 16, 1972, refers to Section 8a, Article 7, Chapter 55, Code of West Virginia, 1931, as amended, but applies only subsection (e) thereof. However, that section also provides as follows:

> "(a)  In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

> \*    \*    \*

> "(d)  If any such action mentioned in the preceding subsections (a), (b) and/or (c) shall have been begun against the wrongdoer and he or she dies during the pendency thereof, it may be revived against the personal representative of the wrongdoer and prosecuted to judgment and execution."

Section 8a, Article 7, Chapter 55, Code of West Virginia, 1931, as amended, was enacted by Chapter 3, Acts of the Legislature, 1959, long after *Means v. Barnes, supra,* was decided.

In *Hereford v. Meek, Executor,* 132 W.Va. 373, 52 S.E.2d 740 (1949), this Court, in an opinion written by Judge Haymond, indicated that a personal injury right of action survived the wrongdoer's death and could be revived against the personal representative of the wrongdoer. *Conrad, Admrx. v. Wertz,* 278 F. Supp. 428 (1968) cites Section 8a, Article 7, Chapter 55, Code of West Virginia, 1931, as amended, as applying to the survival of an action

where the injured party dies for reasons other than the injury sustained in an accident. However, the answer to the issue of revival herein considered lies in Section 8a, Article 7, Chapter 55, Code of West Virginia, 1931, as amended, and particularly the provisions of subsections (a) and (d) thereof.

It should be noted that subsection (e) of Section 8a refers only to the *applicable* provisions of Chapter 56, Article 8, and not to all provisions of Chapter 56, Article 8. To affirm the ruling of the lower court would be to nullify Chapter 55, Article 7, Section 8a, subsections (a) and (d).

We, therefore, find that the provisions of Section 8a, Article 7, Chapter 55, Code of West Virginia, 1931, as amended, authorize the revival of an action for injuries to property, real or personal, or injuries to the person and not resulting in death, and such action may be revived against the personal representative of the wrongdoer, irrespective of whether such wrongdoer was the sole tort-feasor or one of several joint tort-feasors.

We further find that the holding in *Means v. Barnes*, 72 W.Va. 512, 78 S.E. 665 (1913) has been superseded by Chapter 55, Article 7, Section 8a, as enacted by Chapter 3, Acts of the Legislature, 1959, and such holding is no longer of force and effect.

For the foregoing reasons the writ of mandamus prayed for is awarded.

*Writ awarded.*